UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Reed, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 16-0682 (UNA) |
| ) | |
| Loretta Lynch, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, has submitted an application to proceed *in forma pauperis* and a "Petition for Writ of Mandamus Pursuant to 28 U.S.C. § 1361 to Turn Over Documents and Evidence in the Custody of the U.S. Attorney for the District of Wyoming." The extraordinary writ of mandamus is available when "there is no other adequate remedy available to plaintiff." *Baptist Mem'l Hosp. v. Sebelius*, 603 F.3d 57, 62 (D.C. Cir. 2010) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). Requests for agency records are the province of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and "the exclusive nature of the FOIA precludes mandamus relief," *Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 n.1 (D.D.C. 2008). Consequently, the claim for mandamus relief is denied with prejudice.

"In order to obtain information through FOIA, a requester must file a request for production with the appropriate agency," *Bigwood v. United States Dep't of Def.*, 132 F. Supp. 3d 124, 134 (D.D.C. 2015), in accordance with the agency's published rules for making such a request, 5 U.S.C. § 552(a)(3)(A). *See* 28 C.F.R. § 16.3 ("Requirements for making requests" to Department of Justice components). If dissatisfied with the agency's response, the requester



must first exhaust his administrative remedies. "Only then can the [requester properly] file a civil action challenging the agency's response to [the] request." *Bigwood*, 132 F. Supp. 3d at 134 (citing 5 U.S.C. § 552(a)(4)(B); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004)). From all indications, petitioner has not utilized the FOIA to obtain the documents he seeks. Hence, the case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: May 26, 2016

United States District Judge